[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 29, 2011
JOHN LEY
CLERK

_____

No. 11-11100
Non-Argument Calendar

_____

D.C. Docket No. 9:10-cr-80140-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AGUSTIN NUNEZ,
a.k.a. Agustin Nunez-Cortez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 29, 2011)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Agustin Nunez appeals his 48-month sentence, imposed after pleading guilty to illegal re-entry after removal. On appeal, Nunez argues that the district court erred when it included a 16-level enhancement for a 2006 offense for trafficking cocaine under Fla. Stat. Ann. § 893.135. After a thorough review of the record, we affirm.

## I.

In 2010, Nunez pleaded guilty to illegal re-entry, in violation of 8 U.S.C. 1326(a) and (b)(2). Nunez had been removed from the United States on two other occasions–in one instance after he was convicted of a felony in Florida for trafficking 28 grams or more of cocaine. Nunez was assigned a criminal history category of III and an offense level of 21, including a 16-level enhancement for the drug offense, which placed him within the guidelines range of 46 to 57 months' imprisonment.

Nunez objected to the enhancement, arguing that his 2006 conviction did not qualify as a drug trafficking offense, under U.S.S.G. § 2L1.2(b)(1)(a)(i). Nunez specifically argued that Fla. Stat. Ann. § 893.135 did not include the requisite "intent to distribute" element required to qualify it as a "drug trafficking

offense" under 2L1.2.  The district court rejected this argument, without further explanation, and sentenced Nunez to 48 months' imprisonment and 3 years of supervised release.  Nunez appealed.

## II.

We review *de novo* whether a defendant's prior conviction qualifies as a "drug trafficking offense" under § 2L1.2(b)(1)(A).  *United States v. Madera-Madera*, 333 F.3d 1228, 1231 n.2 (11th Cir. 2003).  "Federal law, not state law, controls the application of the Sentencing Guidelines."  *Id.*

## III.

Nunez argues that the district court erred when it applied a 16-level enhancement to his offense because his 2006 conviction does not qualify as a "drug trafficking offense" under Fla. Stat. § 893.135.  Specifically, he contends that the Florida statute, despite its "trafficking" label, does not meet the federal definition of "drug trafficking offense."  The government responds that Nunez's argument is foreclosed by *United States v. Madera-Madera*, 333 F.3d 1228 (11th Cir. 2003).[1]  We agree.

---

[1] Although Nunez cites to Fifth, Sixth, Ninth and Tenth Circuit decisions, *Madera-Madera* remains binding precedent in this circuit, which we are bound to follow unless it is overruled *en banc* or by the Supreme Court of the United States. *United States v. Hogan*, 986 F.3d 1364, 1369 (11th Cir. 1993).

"The United States Code increases the authorized maximum penalty to 20 years' imprisonment if the illegally reentering alien's deportation followed an 'aggravated felony' conviction." 8 U.S.C. § 1326(b)(2). A 16-level enhancement is warranted if the alien has been previously deported after a felony drug trafficking conviction for which the sentence imposed exceeded 13 months. *Madera-Madera*, 333 F.3d at 1229.

For the purposes of this enhancement, the Guidelines define a drug trafficking offense as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) *with intent* to manufacture, import, export, *distribute*, or dispense." U.S.S.G. § 2L1.2, cmnt. (1(B)(iv)) (emphasis added). The Florida statute under which Nunez was convicted provides that:

> Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine . . . or of any mixture containing cocaine, but less than 150 kilograms of cocaine or any such mixture, commits a felony of the first degree, which felony shall be known as "trafficking in cocaine."

Fla. Stat. Ann. § 893.135(1)(b).

4

Nunez argues that the district court erred because the "intent to distribute" element present in the federal statue is absent from the Florida statute. In *Madera-Madera*, this court addressed a similar argument, determining that a defendant "must be in possession of a *significant* quantity of drugs before Georgia deems the offense drug 'trafficking.'" 333 F.3d at 1232 (emphasis in the original). Although there is no specific "intent to distribute" in the Georgia statute, this court concluded that "drug trafficking is a more serious offense than either simple possession or possession with the intent to distribute" and, thus, the statute "necessarily infers an intent to distribute once a defendant possesses a certain amount of drugs." *Id.*

Although a Georgia drug-trafficking statute was at issue above, in *United States v. James*, 430 F.3d 1150, 1153-56 (11th Cir. 2005), we determined that a defendant's prior conviction "for trafficking in cocaine by possession of between 200 and 400 grams of cocaine," in violation of Florida's drug-trafficking statute was a "serious drug offense" for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(A)(ii). We concluded that Florida's three-tiered system was "not materially distinguishable" from Georgia's system, and, thus, *Madera-Madera* dictated that James's offense involved an intent to distribute because "Florida's drug trafficking statute necessarily [implies] an intent to

5

distribute once a defendant possesses 28 grams or more [of cocaine]." *James,* 430 F.3d at 1155.

Here, Nunez's objection to the 16-level enhancement to his base offense level is foreclosed by *Madera-Madera*. The district court properly concluded that Nunez's 2006 conviction under § 893.135(1)(b) was a proper predicate for the "drug trafficking" enhancement under § 2L1.2(b)(1)(A)(i), despite the absence of a separate "intent to distribute" clause in the Florida statute, because Nunez possessed a quantity of cocaine from which an intent to distribute could be inferred. Accordingly, we affirm.

**AFFIRMED.**